UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIE RHODES, IV** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1530** |
| **MARLON GUSMAN - MEDICAL STAFF, DR. GORE, DR. GAUTHREAUX, DR. JOHNSON, NURSE BRUMFIELD, NURSE FIELDS** | **SECTION "N"(4)** |

## ORDER AND REASONS

Before the Court is a **Motion for Leave to Amend (Rec. Doc. No. 22)** filed by the plaintiff, Willie Rhodes, IV, seeking to amend his 42 U.S.C. § 1983 complaint to add three defendants and clarified factual claims against some of the defendants. Rhodes filed this suit against Orleans Parish Sheriff Marlin Gusman, Dr. Gore, Dr. Gauthreaux, Dr. Johnson, Nurse Brumfield, and Nurse Fields, alleging that the doctors and medical staff were intentionally indifferent to his serious medical needs while confined in the Orleans Parish Prison system ("OPP").

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires." Id. This and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson*, 355 U.S. 41, 48 (1957).

Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5the Cir. 1998).

However, leave to amend is by no means automatic. *Addington v Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.*

In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend. *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

Rhodes, under a broad reading, seeks leave to add as defendants Nurse Paige, Nurse Davis, and Nurse Tonzell. He also outlines his factual basis for suing these and the previously named medical staff members. He also proposes to add other complaints about the general living conditions at the prison, which are unrelated to his medical claims now before the Court.

The nurses identified and the claims urged against them and the prior medical staff defendants are consistent with Rhodes's sworn statements and testimony received at the *Spears* Hearing held on July 26, 2011, in which defense counsel participated by telephone.[1] The Court finds no prejudice to the defense to allow that portion of the proposed amendment adding Nurse Paige, Nurse Davis, and Nurse Tonzell, and the additional allegations of medical indifference related to the previously named medical staff defendants.

---

[1] Rec. Doc. No. 6.

The Court, however, does not find good cause at this stage of the litigation to allow Rhodes to add unrelated allegations regarding "volatile and hostile environment," and the general conditions of OPP outlined on page five of the proposed pleading (Rec. Doc. No. 22-1). This litigation has focused on Rhodes's medical care at OPP and not any other aspect of the conditions of his prison life. With the trial date set, it would be too burdensome on the defense to have to answer to new and unrelated claims in this suit. The Court will deny leave as to that portion of the proposed pleading. Accordingly,

**IT IS ORDERED** that Rhodes's **Motion for Leave to Amend (Rec. Doc. No. 22)** is **GRANTED in part** to allow the allegations urged against the previously named defendants and those newly raised against Nurse Paige, Nurse Davis, and Nurse Tonzell, and **DENIED in part** as to the claims of a "volatile and hostile environment," and general conditions of OPP urged on page five of the proposed pleading.

**IT IS FURTHER ORDERED** that the **Clerk of Court** shall separately file a copy of Record Document No. 22-1 as the plaintiff's Amended Complaint and cause service of the summons and complaint in accordance with 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(2) upon the defendants and to cause service of the summons and original and amended complaints upon the newly added defendants Nurse Paige, Nurse Davis, and Nurse Tonzell.

New Orleans, Louisiana this  21st  day of December, 2011.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

**CLERK TO FILE AMENDED
COMPLAINT AND ISSUE SUMMONS**