UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIE RHODES IV                                              CIVIL ACTION

VERSUS                                                        NO. 11-1530

MARLIN GUSMAN, MEDICAL STAFF, DR.                             SECTION "N"(4)
GORE, DR. GAUTHREAUX, DR. JOHNSON,
NURSE BROOMFIELD, NURSE FIELDS

**ORDER AND REASONS**

The plaintiff, Willie Rhodes IV, filed a **Request for Trial By Jury (Rec. Doc. No. 28)** in which he notified the Court that he did not wish to consent to proceed before the Magistrate Judge and in which he makes a demand for a jury trial for the first time.

Under Fed. R. Civ. P. 38(b), a party may demand a trial by jury on an issue triable by a jury by complying with the following considerations: (1) serving a jury demand upon the other party in writing at any time after the commencement of the action and not later than 14 days after the service of the last pleading directed to an issue triable by jury; and (2) by filing the demand with a certificate of service upon opposing counsel as required by Fed. R. Civ. P. 5(d). Failure to serve and file the demand constitutes a waiver of the right to a jury trial. Fed. R. Civ. P. 38(d); *accord*, *Jennings v. McCormick*, 154 F.3d 542 (5th Cir. 1998) (a timely filed request for jury must not be overlooked).

Rhodes's original complaint was filed by the clerk of court on June 30, 2011. He did not request trial by jury in the complaint. The original six defendants were served with a summons and copy of the complaint and have each filed responsive pleadings.[1]

On December 5, 2011, Rhodes sought leave to file an amended complaint to add three defendants and other claims. The Court granted leave, and the amended complaint was filed by the clerk of court on December 22, 2011. The summons were issued by the clerk of court on December 27, 2011, and the Court has not received returns of service from the U.S. Marshal's Service.

Considering Fed. R. Civ. P. 38(b)(1), Rhodes has made a timely demand for a jury to the Court. Under the appropriate mailbox rule, Rhodes is deemed to have filed the jury demand no later than December 14, 2011, when he dated his signature on the request.[2] This was prior to, if not within 14 days of, the service of the amended complaint.

Rhodes, however, has not provided the required certificate of service showing proper service of the written demand on opposing counsel as required by Fed. R. Civ. P. 38(b)(2) and (d) and Fed. R. Civ. P. 5(d). Without proper service, the right to a jury trial is waived. Fed. R. Civ. P. 38(d).

Accordingly, **IT IS ORDERED** that, on the showing made, Rhodes's **Request for Trial by Jury (Rec. Doc. No. 28)** is **DENIED**.

New Orleans, Louisiana, this 11th day of January, 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The original complaint was also supplemented by Rhodes's testimony at the *Spears* Hearing held July 26, 2011. Rec. Doc. No. 6.

[2] The request was filed by the Clerk of Court when received on January 5, 2012. Rec. Doc. No. 28.

2