UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIE RHODES IV | CIVIL ACTION |
| VERSUS | NO. 11-1530 |
| MARLIN GUSMAN - MEDICAL STAFF, DR. GORE, DR. GAUTREAUX, DR. JOHNSON, NURSE BROOMFIELD, NURSE FIELDS | SECTION "E"(4) |

## ORDER AND REASONS

Before the Court is a **Motion for Appointment of Counsel (Rec. Doc. No. 21)** filed by the *pro se* plaintiff, Willie Rhodes, IV. Rhodes alleges in the motion that he needs counsel to assist him with the presentation of his case through medical records and witnesses. He does not indicate any effort to retain counsel on his own.

A District Court should only appoint counsel in a civil rights case if the case presents exceptional circumstances. *Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). The plaintiff's case is not one. The Court can consider the following factors when ruling on a request for counsel in a § 1983 case: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting his case adequately; (c) whether he is in a position to investigate his case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992).

After reviewing Rhodes's petition and receiving his testimony at the *Spears* Hearing, the Court was inclined to appoint counsel to assist Rhodes in this matter due to the alleged seriousness of his medical condition and treatment. The Court has been in contact with a private attorney and a local law school clinic, and neither were able to accept the appointment. The Court has been otherwise unable to locate counsel to appoint to this case. As such, the Court must deny Rhodes's request.

The Court also notes that, although Rhodes's medical condition as alleged is serious, the case itself is not so complicated that he will be unable to proceed without counsel. To the contrary, although he may not be trained in the law, Rhodes has demonstrated his ability to more than adequately express his claims and to understand the issues involved in his case. *See Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir.1994) (counsel should only be appointed under exceptional circumstances in a civil rights case); *see also Wendell v. Asher*, 162 F.3d 887 (5th Cir. 1998) (same); *Robbins v. Maggio*, 750 F.2d 405, 412 (5th Cir. 1985); *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). Accordingly,

**IT IS ORDERED** that Rhodes's **Motion for Appointment of Counsel (Rec. Doc. No. 21)** is **DENIED**.

New Orleans, Louisiana, this \_\_13th\_\_ day of April, 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**