UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**WILLIE RHODES IV**

**CIVIL ACTION**

**Plaintiff,**

**VERSUS**　　　　　　　　　　　　　　　　　　　　　　　　　　　**No. 11-1530**

**MARLIN GUSMAN - MEDICAL STAFF,**　　　　　　　　**SECTION "E"**
**DR. GORE, DR. GAUTREAUX,**
**DR. JOHNSON, NURSE BROOMFIELD,**
**NURSE FIELDS,**

**Defendants**

### ORDER AND REASONS

Before the Court is an appeal of the Magistrate Judge's order denying the motion for appointment of counsel filed by the *pro se* Plaintiff, Willie Rhodes IV.[1] For the reasons stated below, the Magistrate Judge's order is AFFIRMED.

*Background*

In this suit, Plaintiff, Willie Rhodes, Jr., sets forth claims under 42 U.S.C. § 1983 alleging deliberate indifference and inadequate medical care during his incarceration at Orleans Parish Prison. On December 11, 2011, Plaintiff filed a Request for Appointment of Counsel (the "Motion for Appointment of Counsel").[2] On February 23, 2012, Plaintiff filed a notice with the Court, addressed to District Judge Englehardt, which contained a request for a response to the Motion for Appointment of Counsel.[3] On April 13, 2011, Magistrate Judge Roby entered an Order and Reasons

---

[1] R. Doc. 53 (Third Request for Appointment of Counsel) and R. Doc. 54 (Objection to the Magistrate's Ruling).

[2] R. Doc. 21.

[3] R. Doc. 51.

denying the Motion for Appointment of Counsel.[4]  On April 19, 2012, Plaintiff filed a Third Request for Appointment of Counsel (the "Third Request").[5]  On April 27, 2012, Plaintiff filed an Objection to the Magistrate's Ruling (the "Objection").[6]  Through the Third Request and the Objection, Plaintiff appeals the Magistrate Judge's denial of the Motion for Appointment of Counsel.[7]  Plaintiff alleges that he needs counsel to assist him with depositions and discovery, as well as presentation of his case through medical records and witnesses.

*Legal Analysis*

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72.2, non-dispositive pretrial matters decided by a magistrate judge may be appealed to the district judge.  The order of a magistrate judge may be reversed only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR 72.2.

A district court should appoint counsel in a civil rights case only if presented with exceptional circumstances.  *Norton v. Dimazana,* 122 F.3d 286, 293 (5th Cir. 1997).  A district court should consider four factors in making this determination:

> (1) the type and complexity of the case;
> (2) whether the indigent litigant is capable of adequately presenting his case;
> (3) whether the litigant is in a position to investigate the case adequately;
> (4) whether the evidence will consist in large part of conflicting

---

[4] R. Doc. 50.

[5] R. Doc. 53.

[6] R. Doc. 54.

[7] R. Doc. 21.

testimony, thus requiring skill in presentation and cross-examination.

*Id.* (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir.1982)).  In this case, Magistrate Judge Roby found:

> although Rhodes' medical condition is serious, the case itself is not so complicated that he will be unable to proceed without counsel.  To the contrary, although he may not be trained in the law, Rhodes has demonstrated his ability to more than adequately express his claims and to understand the issues involved in his case.[8]

After reviewing the applicable law and Magistrate Judge Roby's Order and Reasons, the Court finds that Magistrate Judge Roby's denial of Plaintiff's motion for appointment of counsel was not clearly erroneous or contrary to law.  Accordingly,

**IT IS ORDERED** that the Third Request and the Objection are **DENIED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's order denying the Motion for Appointment of Counsel is **AFFIRMED**.

**IT IS FURTHER ORDERED THAT** the submission date for Defendants' Motion for Summary Judgment[1] is continued to June 6, 2012.  Pursuant to Local Rule 7.5, if Plaintiff opposes the Motion for Summary Judgment, he must file a memorandum in opposition no later than May 29, 2012.

**Signed, New Orleans, Louisiana, this 2nd day of May, 2012.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[8] R. Doc. 50 at 2.
[1] R. Doc. 43.

3