**UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WILLIE RHODES, IV #2124888** | **CIVIL ACTION** |
| **Plaintiff** | |
| | |
| **VERSUS** | **No. 11-1530** |
| | |
| **MARLIN GUSMAN, et al.** | **Section "E"** |
| **Defendants** | |

**ORDER AND REASONS**

The Court has pending before it Defendants' motion for summary judgment.[1]  The
Court has reviewed Plaintiff Willie Rhodes' responses,[2] the record, and the applicable law,
and now issues this order and reasons granting the motion for summary judgment.

**BACKGROUND**

In his numerous pleadings, Plaintiff Rhodes alleges that he was subjected to an
unconstitutional level of medical treatment during his detention in Orleans Parish Prison.
In his initial complaint, Plaintiff asserted that he suffers from congestive heart failure and
aortal fibrillation and that, between February 15 and April 7, 2011, he "was met with
'deliberate indifference'" and "received no assistance" from a "medical staff [that] was
objectively unreasonable, malicious [and] sadistic, evil, mean, vicious [and] desired to see
[him] suffer."[3]  In a first supplemental filing, he filed a copy of an OPP grievance form

---

[1]R. Doc. 69.

[2]R. Docs. 70, 72.

[3]R. Doc. 3 at 5.

1

asserting that "sick call" procedures at OPP are punitive in nature.[4]   In a second supplemental filing, he asserted that "sick call" requires multiple requests and several weeks before being seen and is designed as a "deterr[e]nt to seeking health care."[5]  He also asserted specific complaints against individuals at OPP, including (1) Dr. Gore, who "ignored specific medical conditions that were obviously signs of distress in a patient with congestive heart failure," (2) Dr. Johnson who "smirk[ed]" and was antagonistic in demeanor, (3) Dr. Gauthreaux, who Plaintiff believes was intoxicated and walked out of an examination, (4) Nurse Bloomfield, who "chose to create an argument regarding" his obvious symptoms, and (5) Nurse Fields, who was "unresponsive to medical complaints" and disregarded signs of distress.  He also complained of unchecked hypertension, a stroke, occlusion of his right eye, reduction of kidney functions, and glaucoma.

Plaintiff then sought and obtained leave[6] to file an amended complaint,[7] in which he clarified claims regarding deficiencies in the sick call procedure.  He also asserted claims against (1) Nurse Paige, whose "overall demeanor is hostile," "abrasive, confrontational, and indifferent," (2) Nurse Davis, who "witnessed the extreme suffering, swelling, and elevated blood" over the relevant period, and (3) Nurse Tonzell, who "responded during the night to the many occasions pressure in my chest rapid[ly] drop[ped] in blood pressure as well as distress situation."

Defendants now move for summary judgment, contending that (1) they were not

---

[4]R. Doc. 16.

[5]R. Doc. 18.

[6]R. Doc. 24.

[7]R. Doc. 25.

deliberately indifferent to Plaintiff's medical needs, (2) Plaintiff failed to state a claim against Sheriff Gusman himself, in any capacity, and (3) Plaintiff failed to exhaust his administrative remedies.[8]  Plaintiff filed two responses.[9]

### STANDARD OF LAW

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"  *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991).  If the moving party fails to carry this burden, the motion must be denied.  If the moving party successfully carries this burden, the burden then shifts to the non-moving party to show that a genuine issue of material fact exists.  *Id.* at 322-23.  Once the burden has shifted, the non-moving party must direct the Court's attention to something in the pleadings or other evidence in the record that sets forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.  *Id.* at 324.

If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, however, the moving party may satisfy its burden by simply pointing out that the evidence in the record is insufficient with respect to an essential element of the non-moving party's claim.  *See Celotex*, 477 U.S. at 325.  The nonmoving party must then

---

[8]R. Doc. 69.

[9]R. Docs. 70, 72.

respond, either by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party" or by coming forward with additional evidence.  *Celotex*, 477 U.S. at 332-33 & 333 n.3.

"An issue is material if its resolution could affect the outcome of the action." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).  When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150-51 (2000).  All reasonable inferences are drawn in favor of the non-moving party.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.  *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## ANALYSIS

Plaintiff asserts that his medical treatment at OPP violates his Eighth Amendment rights.  "Finding a violation of the Eighth Amendment's prohibition against cruel and unusual punishment [based on deliberate indifference to medical needs] ... requires a twofold analysis" of both (1) "objective exposure to a substantial risk of serious harm " and (2) "that prison officials acted or failed to act with deliberate indifference to that risk." *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006).  The Court will assume Plaintiff has met the "objective prong" and that his congestive heart failure, glaucoma, and other conditions exposed him to a substantial risk of serious harm.  Thus, the dispositive issue

in this case is the second "subjective prong" of the analysis.

"A prison official acts with deliberate indifference only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing to take reasonable measures to abate it." *Id.* at 346 (internal quotation marks and alterations omitted). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Id.* "A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* (internal quotation marks omitted). "Deliberate indifference is an extremely high standard to meet." *Id.* (internal quotation marks omitted).

The case of *Gobert v. Caldwell* provides a useful benchmark for the kinds of facts a plaintiff must set forward to show a genuine dispute regarding deliberate indifference.[10] In *Gobert*, the plaintiff inmate injured his leg while on work release and, after treatment at a hospital, was discharged with a prescription for antibiotics and instructions to prevent wound infection. *See id.* at 343-44. The plaintiff alleged that he did not timely and consistently receive antibiotics, resulting in an infection and subsequent osteomyelitis. *See id.* at 344. The defendant prison doctor admitted that, given the symptoms of infection displayed by the plaintiff, he would want to inspect the leg every other day, but that he did

---

[10] *Gobert* was an appeal from a denial of qualified immunity, but the analysis regarding the facts necessary to survive summary judgment on an Eighth Amendment deliberate indifference claim applies equally here.

not do so.  *See id.* at 348-49.

But the Fifth Circuit held that even though the doctor's treatment fell below the standard of care, that "did not necessarily create a fact question pertaining to deliberate indifference," because "deliberate indifference exists wholly independent of an optimal standard of care."  *See id.* at 349.  Notwithstanding the delays in treatment and a six-day period during which the plaintiff displayed serious symptoms of infection but did not receive antibiotics, those facts failed to rise "to the level of *egregious intentional conduct* required to satisfy the exacting deliberate indifference standard."  *See id.* at 351 (emphasis added).  With *Gobert* as a guidepost, the Court turns to the present motion.

Defendants rely primarily on their submission of Plaintiff's medical records for the time periods alleged in the pleadings.  *See id.* at 346 n.24 ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.") (internal quotation marks omitted).  According to Defendants and those records, Plaintiff met with medical staff at least thirty times during the period alleged in his complaint, was given many tests, and was prescribed medication and special diets.[11]  Moreover, Defendants cite medical records establishing that Plaintiff on several occasions failed to comply with medical directives resulting from that treatment.[12]  *See id.* at 346 n.25 ("Failure to comply with medical instructions is another factor . . . to consider in evaluating deliberate indifference.").

Plaintiff's responses are scattershot.  He criticizes the "dump of unnumbered,

---

[11]R. Doc. 69-2 at 3-4 (citing medical records).

[12]*Id.* at 4-5 (citing medical records).

unintelligible medical records."[13]  Substantively, he describes an incident in which he was transported to the House of Detention and a nurse "dispatched an emergency ambulance upon the mere sight of [his] distressed state."[14]  Plaintiff asserts that he was taken to a hospital, where unidentified staff asked "Why did you wait so long to come to us?" and Plaintiff responded that he had been informed by Dr. Johnson that he would be refused admittance to the hospital.[15] Plaintiff cites a Nurse's Note[16] which he contends corroborates this account, and urges that if he could obtain discovery from University Hospital, those records would demonstrate that at the hospital he coded twice and had eight liters of fluid pumped from his right lung.[17]

Resolving all factual disputes and drawing reasonable inferences in Plaintiff's favor, and considering his pro se status, the Court nonetheless concludes that on the facts presented, Plaintiff has not raised a factual dispute that his treatment at OPP rose to the stringent level of deliberate indifference.  The medical records of Plaintiff's treatment contradict his allegations that his conditions were ignored.  *See id.* at 346 n.24, 351-52 (finding no dispute of fact based on "the record of extensive medical treatment spanning the final two and one half months of Gobert's incarceration and the lack of evidence to establish the necessary culpable intent").  Plaintiff's medical treatment while at OPP may

---

[13]R. Doc. 72 at 2.  He also contends that "several years of 'sick call' request were removed from" his file."  *Id.* at 4.

[14]*Id.* at 2.

[15]*Id.*

[16]R. Doc. 69-3 at 46.

[17]R. Doc. 72 at 2-3.

not have been ideal and may very well have been negligent, but he has not presented competent summary judgment evidence supporting an inference of the requisite subjective "wanton disregard." *See id.* at 350 n.34 ("[F]ailure to receive the most effective treatment cannot form the basis of deliberate indifference but, rather, sounds in negligence.").  His conclusory statements in his pleadings regarding the demeanor of certain nurses and his anecdotal account of emergency treatment do not generate a triable fact question in light of the unrebutted record evidence establishing that he received frequent medical treatment responsive to his conditions.  At most, these assertions are a hodgepodge of perceived slights and errors, none of which could support a conclusion by the trier of fact of any particular medical professional's subjective and willful disregard of a substantial health risk about which he or she knew.

In short, having reviewed the record, the Court is left with the inescapable conclusion that this is a case like *Gobert* in which, although Plaintiff suffered medical complications, "no disputed fact question, when resolved in favor of [Plaintiff], rises to the level of egregious intentional conduct required to satisfy the exacting deliberate indifference standard." *Gobert*, 463 F.3d at 351.  Accordingly, summary judgment in favor of Defendants is warranted.  The Court does not reach the alternate bases for summary judgment.

**IT IS ORDERED** that Defendants' motion for summary judgment is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 31st day of March, 2014.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**